IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BRENDA JOHNSON, for and on behalf of herself and all persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>JESSE L. RIDDLE; RIDDLE & ASSOCIATES, P.C.; JOHN DOE OWNERS 1-10; and JOHN DOE COLLECTORS 1-10,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION TO STRIKE, AND DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION WITHOUT PREJUDICE<br><br>Case No. 2:98-CV-599 TS |

This matter is before the Court on Defendants' Motion for Partial Summary Judgment,[1] Plaintiff's Post Second Remand Motion for Class Certification ("Motion for Class

[1]Docket No. 209.

Certification"),[2] and Plaintiff's Motion to Strike Portions of Defendants' Response to Plaintiff's Motion for Class Certification.[3]

I. BACKGROUND

This action stems from Defendants Jesse Riddle's and Riddle & Associates' attempt to recover Utah statutory shoplifting penalties for a dishonored check issued by Plaintiff Brenda Johnson.[4] Plaintiff's original class action claim, filed in 1998, defined a statewide class and alleged violations of the Federal Fair Debt Collection Practices Act ("FDCPA")[5] and Utah Consumer Sales Practices Act ("UCSPA"),[6] fraud, negligent misrepresentation, and intentional infliction of emotional distress. On June 19, 2000, after initial discovery, Plaintiff filed a Motion to Certify Class Action seeking to certify a nationwide class. Plaintiff thereafter, on August 10, 2000, filed an Amended Complaint seeking a state or limited nationwide class composed of Utah residents and those out-of-state individuals who violated Utah Code Ann. § 7-15-1, but otherwise making only minor changes from the original Complaint.[7]

Summary judgment was granted in favor of Defendants on the FDCPA claim in 2000, and the District Court declined to rule on the state law claims and class certification. However, on appeal, the Tenth Circuit reversed and remanded, holding that Defendants' collection

---

[2]Docket No. 215.

[3]Docket No. 239.

[4]The relevant statutes are Utah's dishonored check statute, Utah Code Ann. § 7-15-1, and Utah's shoplifting statute, *id.* § 78-11-15.

[5]15 U.S.C. §§ 1692-1692o.

[6]Utah Code Ann. § 13-11-4, 5.

[7]Plaintiff added Riddle & Associates as a Defendant.

practices were not permitted by Utah law, and violated the FDCPA. The Tenth Circuit also remanded for a determination of whether Defendants were entitled to a bona fide error defense, predicated upon a bona fide mistake of law, under the FDCPA. On remand, the District Court granted summary judgment in favor of Defendants on the bona fide error defense, held that the class certification issue was moot, and declined to exercise supplemental jurisdiction over the remaining state law claims. Plaintiff again appealed.

On the second appeal, the Tenth Circuit again reversed and remanded, holding that triable issues of fact existed as to Defendants' bona fide error defense. More specifically, the Tenth Circuit held that the triable issues of fact include, first, whether Defendants can establish the lack of specific intent to violate the FDCPA, and, second, whether Defendants adequately employed procedures to avoid committing an error. The Tenth Circuit also reversed and remanded as to the state law claims and the class certification issue.

Defendants now renews their request for summary judgment on Plaintiff's state law claims, and Plaintiff renews her request for certification of a nationwide class. The Court heard oral argument on these matters on February 12, 2007, ruling from the bench on the Motion for Partial Summary Judgment and taking under consideration the Motion for Class Certification. The Court now issues the following ruling.

## II. DISCUSSION

### *A. Defendants' Motion for Summary Judgment*

Defendants argue that they are entitled to summary judgment on Plaintiff's state law claims because those claims are barred by the state common law judicial proceedings privilege. Plaintiff contends that the privilege does not apply when it is contrary to statute, and that the privilege is contrary to the UCSPA.

Summary judgment is proper if the moving party can demonstrate that there is no genuine issue of material fact and it is entitled to judgment as a matter of law.[8] In considering whether genuine issues of material fact exist, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[9] The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[10]

> The common law judicial proceeding privilege is intended to promote the integrity of the adjudicatory proceeding and its truth finding processes. To that end, the privilege facilitates the "free and open expression by all participants . . . [which] will occur only if they are not inhibited by the risk of subsequent . . . suits."[11]

---

[8]Fed. R. Civ. P. 56(c).

[9]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[10]*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Southwestern Bell Tel. Co.,* 925 F.2d 1288, 1292 (10th Cir. 1991).

[11]*Debry v. Godbe*, 992 P.2d 979, 983 (Utah 1999) (quoting *Allen v. Ortez*, 802 P.2d 1307, 1311 (Utah 1990)).

"To establish the judicial proceeding privilege, the statements must (1) be made during or in the course of a judicial proceeding; (2) have some reference to the subject matter of the proceeding; and (3) be made by someone acting in the capacity of judge, juror, witness, litigant, or counsel."[12] The privilege extends to *all* claims arising from qualifying statements.[13]

Defendants argue that they were acting in their capacity as attorneys when statutory notices, phone calls, and documents related to the collection lawsuit—communications which form the basis of Plaintiff's claims—were made. Defendants also argue that all of the afore-mentioned communications were related to the collection lawsuit.

Plaintiff does not directly dispute Defendants' arguments, but rather, sets forth other arguments as to why the judicial proceedings privilege should not be applied to bar her claims. First, Plaintiff argues that the privilege does not apply to the UCSPA because application of the privilege would defeat the legislature's purpose in passing statutes designed to protect against abusive collection practices. Plaintiff cites the Florida case of *Echevarria, McCalla, Raymer, Barrett & Frappier*,[14] in support of this proposition.

Next, Plaintiff argues that the judicial proceedings privilege, as it relates to her common law claims, only protects attorneys against suits for defamation, and not against suits for collections such as the instant one. Plaintiff broadly asserts that various cases cited by Defendants do not demonstrate that the privilege extends to cases like this one, and that the public policy behind the privilege does not support Defendants' arguments that it should be

---

[12]*Id.* (quotations and citations omitted).

[13]*Bennett v. Jones, Waldo, Holbrook & McDonough*, 2003 UT 9, ¶ 77, 70 P.3d 17; *Debry*, 992 P.2d at 986.

[14]896 So.2d 773, 777 (D.Ct.App.Fl. 2005).

applied here. Plaintiff also argues that Section 586 of the Restatement of Torts limits the application of the privilege to suits brought in good faith, and that the issue of whether the collection lawsuit was brought in good faith is disputed here.

The Court first finds that there are no genuine issues of material fact and that Defendants have established the elements of the judicial proceeding privilege. Second, the Court finds that Plaintiff's arguments that Defendants are not entitled to the privilege are unconvincing, and that Defendants are entitled, as a matter of law, to the protections of the privilege. Under Utah law, the judicial proceedings privilege is absolute.[15] Beyond requiring the elements of the privilege to be met, the Utah Supreme Court has not limited application of the privilege in any manner. Rather, that court has explicitly held that the privilege extends to all claims arising from qualifying statements. Moreover, the case Plaintiff's identifies, and to which it cites for a contrary position—that the privilege should not be applied in collection cases or against statutory claims where application appears to conflict with the underlying statute—has recently been overturned by the Florida Supreme Court.[16] Furthermore, as Defendants correctly point out, the Utah Supreme Court has applied the privilege against statutory claims even in a case where the underlying statute was specifically directed towards punishing attorney misconduct.[17] Therefore, this Court declines to limit the privilege in the manner suggested by Plaintiff. The Court will

---

[15]*See, e.g.*, *Bennett*, 2003 UT 9 at ¶ 77.

[16]*Echevarria, McCalla, Raymer, Barrett & Frappier*, No. SC05-564, 2007 WL 268769, at *5 (Fla. Feb. 1, 2007) (holding that absolute litigation privilege bars claims under Florida's Unfair & Deceptive Trade Practices Act and Consumer Collection Practices Act and stating "[w]e see no reason why [the privilege] would be limited by whether the misconduct constitutes a common-law tort or a statutory violation.").

[17]*Bennett*, 2003 UT 9 at ¶ 77.

grant Defendants' Motion for Summary Judgment on Plaintiff's state law claims upon the basis that they are precluded by the judicial proceedings privilege. Accordingly, the Court need not address the parties' remaining arguments as to partial summary judgment.

*B. Plaintiff's Motion to Strike*

Plaintiff moves to strike, by the Court's count, forty-six fact paragraphs from Defendants' Memorandum in Opposition to Plaintiff's Motion for Class Certification. Plaintiff argues that all of these paragraphs are legal argument or otherwise irrelevant to the issues presently before the Court. Plaintiff asserts that more specific grounds for striking the paragraphs are found in its Reply, which indicates that the abovementioned paragraphs should be stricken for numerous reasons, some of which include lack of foundation, relevance, and competency of declarants.

The Court declines to strike the numerous paragraphs of Defendants' Memorandum in Opposition to Plaintiff's Motion for Class Certification referred to by Plaintiff. Most of the bases upon which Plaintiff seeks to strike are not proper grounds for a motion to strike. While it appears that Defendants have taken some liberties in setting forth legal argument in their fact section, the issues before the Court necessarily involve fact intertwined with law, especially as they relate to a bona fide error defense under the FDCPA.

*C. Plaintiff's Motion for Class Certification*

Plaintiff moves the Court to certify a nationwide class consisting of

> Every check writer who wrote a check, which check was dishonored, and the defendants attempted to collect or collected monies for the dishonored check in excess of the monies allowed by state dishonored check laws using threats of lawsuits and, in some cases, actual lawsuits against the check writer for shoplifting or theft damages, fees, or penalties.

Plaintiff seeks to base the nationwide class on its FDCPA, UCSPA, fraud, and negligent misrepresentation claims. In the alternative, Plaintiff asks for nationwide class for its FDCPA claim, and a Utah class under the state law claims of fraud, negligent misrepresentation and the UCSPA. Defendants oppose all of Plaintiff's proposed class designations. Because the Court has granted summary judgment against Plaintiff on her state law claims, the Court only considers Plaintiff's request to certify a nationwide class on its FDCPA claim, and the arguments of the parties that relate to such a class.

Plaintiff seeks certification of her proposed class under Fed. R. Civ. P. 23(a) and 23(b)(3). Defendants oppose a nationwide class certification, arguing that Plaintiff has not pleaded a nationwide class, or, alternatively, to the extent that Plaintiff has done so, that the Amended Complaint cannot meet the elements required by Rule 23(b)(3). Defendants further argue that Plaintiff cannot show that questions of law or fact common to the members of the class predominate over any questions affecting only individual members.

Having considered the arguments of the parties, the Court will deny Plaintiff's Motion for Class Certification, without prejudice, but subject to certain limitations. The Court will do so for two reasons.

First, Plaintiff has not properly pleaded the scope of class for which she now seeks certification. It is the purpose of the class complaint—not a motion for class certification—to notify the Defendants not only of the substantive claims being brought against them, but also of the number and generic identities of the potential plaintiffs who may participate in the judgment.[18] Plaintiff's Amended Complaint states that "[t]he class is composed of every person

[18] *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 353 (1983) (internal quotation and citation omitted).

or entity who wrote a check, which check was dishonored, and the defendants attempted to collect or collected monies for the dishonored check in excess of the monies allowed by Utah Code Ann. § 7-15-1." The Amended Complaint clearly does not contemplate the nationwide class sought within Plaintiff's Motion for Class Certification, but rather, contemplates, at most, a limited nationwide class composed of Utah residents and those out-of-state individuals who violated Utah Code Ann. § 7-15-1.

Furthermore, the fact that Plaintiff first filed a Complaint seeking a statewide class, then filed a motion for certification seeking a nationwide class, then subsequently filed an Amended Complaint alleging a statewide class with limited other out-of-state individuals who violated Utah Code Ann. § 7-15-1, only supports Defendants' claim that they had no proper notice of the class Plaintiff now seeks.

Granting Plaintiff leave to amend her Amended Complaint to include the nationwide class would be futile. An amended complaint in a class action which broadens the definition of the proposed class does not relate back to the date of filing of the original complaint so as to toll the applicable statute of limitations on the date of the filing of the original complaint on behalf of persons who are members of the class under the broadened definition, but who are not members of the class as originally defined.[19]

Second, even if the Court construed Plaintiff's Amended Complaint in such a manner as to consider the nationwide class, nationwide class certification would not be proper under Fed. R. Civ. P. 23(b)(3). Fed. R. Civ. P. 23(b)(3) requires Plaintiff to show that (1) questions of law or fact common to the class predominate over those questions affecting individual members, and (2)

---

[19]*Arneil v. Ramsey*, 550 F.2d 774, 782 (2nd Cir. 1975); *see also Cliff v. Payco Gen. Am. Credits*, *Inc.,* 363 F.3d 1113, 1131-33 (11th Cir. 2004).

that a class action is superior to other available methods for fair and efficient adjudication of the controversy. Should certification for the proposed nationwide class be granted, this Court, and/or the trier of fact will be required to examine whether Defendants' alleged practices were permitted by the various statutory schemes of each and every state in which a class member resides. Furthermore, if or when it is determined that Defendants' practices are not permitted by the laws of any particular state, the trier of fact will be required to examine, pursuant to Defendants' bona fide error defense, the factual issues of Defendants' intent and procedures adapted to avoid any legal error, as they relate to Defendants' activities in that state. Moreover, this would present an insuperable obstacle as the memoranda of the parties indicate that thirty to forty different states are implicated here. Accordingly, the Court finds that certification of a class of the scale which Plaintiff proposes would not be justified because common questions of law would not predominate, and because such a class would not be amenable to efficient adjudication.

Therefore, the Court will deny Plaintiff's Motion for Class Certification, without prejudice, and allow Plaintiff ten (10) days to refile such motion on the condition that it be consistent with the scope of class alleged in the Amended Complaint, namely, "[t]he class is composed of every person or entity who wrote a check, which check was dishonored, and the defendants attempted to collect or collected monies for the dishonored check in excess of the monies allowed by Utah Code Ann. § 7-15-1."[20]

[20]The Court recognizes the issue, raised at the February 12 hearing, that Plaintiff may be unable to fulfill the numerosity requirement if she alleges, in connection with the FDCPA claim, a class consistent with that pleaded in her Amended Complaint. However, the Court is not satisfied that this issue has been fully addressed by the parties. Accordingly, the Court declines to consider it here.

III. CONCLUSION

For the foregoing reasons, it is therefore

ORDERED that Defendants' Motion for Partial Summary Judgment (Docket No. 209) is GRANTED. It is further

ORDERED that Plaintiff's Motion to Strike Portions of Defendants' Response to Plaintiff's Motion for Class Certification (Docket No. 239) is DENIED. It is further

ORDERED that Plaintiff's Post Second Remand Motion for Class Certification (Docket No. 239) is DENIED WITHOUT PREJUDICE. Plaintiff shall have ten (10) days from the date of this Order to file a Motion for Class Certification which is consistent with the class pleaded in her Amended Complaint.

DATED February 15, 2007.

BY THE COURT:

TED STEWART
United States District Judge