IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BRENDA JOHNSON, for and on behalf of herself and all persons similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>JESSE L. RIDDLE; RIDDLE & ASSOCIATES, P.C.; JOHN DOE OWNERS 1-10; and JOHN DOE COLLECTORS 1-10,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO AMEND JUDGMENT<br><br><br><br>Case No. 2:98-CV-599 TS |

This matter is before the Court on Plaintiff's Motion to Alter or Amend Judgment.[1]

Plaintiff's Motion was made within ten days of entry of judgment. "District courts should evaluate postjudgment motions filed within ten days of judgment based on the reasons expressed by the movant, not the timing of the motion."[2] Plaintiff here appears to assert that the Court committed legal error in its February 15, 2007 Memorandum Decision and Order ("February Order").[3] More specifically, Plaintiff asks the Court to reconsider its finding that Plaintiff's

---

[1]Docket No. 248.

[2]*Jennings v. Rivers*, 394 F.3d 850, 855-56 (10th Cir. 2005).

[3]Docket No. 246.

cause of action against Defendant under the Utah Consumer Sales Practices Act ("UCSPA")[4] is barred by the judicial proceedings privilege. The Court construes Plaintiff's Motion as one brought under Fed. R. Civ. P. 59(e).

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. . . . [A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.[5]

The Court finds that reconsideration is necessary in order to certify the question presented to the Utah Supreme Court for ultimate determination. As noted in the February Order, "our job is to predict how [the Utah Supreme Court] would rule."[6] The Court finds, after reviewing the memoranda submitted, that it cannot do so here. On one hand, the Utah Supreme Court case of *Bennett v. Jones, Waldo, Holbrook & McDonough*,[7] may be read as holding that the judicial proceedings privilege applies against statutory claims, even where the underlying statute was specifically directed towards punishing attorney misconduct.[8] However, the Utah Supreme Court also noted in the case that the statute at issue did "not create a separate and distinct cause of

---

[4] Utah Code Ann. § 13-11-1 to -23.

[5] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Van Skiver v. United States*, 953 F.2d 1241, 1243 (10th Cir. 1991)) (other citations omitted).

[6] *Carl v. City of Overland Park, Kansas*, 65 F.3d 866, 872 (10th Cir. 1995).

[7] 2003 UT 9, 70 P.3d 17.

[8] *Id.* at ¶ 77 (stating that trial court did not err when it dismissed for failure to state a claim cause of action under section 78-51-31 of the Utah Code; quoting *Debry v. Godbe*, 1999 UT 111, ¶ 25, 992 P.2d 979, court's broad pronouncement that privilege extends to "all claims").

action, but rather merely provid[ed] for treble damages for a [common law] cause of action."[9] This is presumably significant because "[i]f the statute reaffirms the existing law, it becomes doubtful that any innovations [to common law principles] were intended. The statute may subtract from, or add to the persons, things, duties or rights affected, in only a few particulars. Aside from those variations the common law will govern."[10]

In short, while broadly stating that the "judicial proceeding privilege extends not only to defamation claims but to '*all claims* arising from the same statements[,]'"[11] the Utah Supreme Court has never addressed the privilege in the context of a newly created statutory cause of action. To the extent that the UCSPA provides a new statutory cause of action against attorney debt collectors,[12] it may be inherently inconsistent with application of the common law judicial proceedings privilege. The Court believes that the Utah Supreme Court is best suited to settle this issue. Accordingly, the Court will grant Plaintiff's Motion for the purposes of certifying the question.

SO ORDERED.

DATED this 13th day of June, 2007.

---

[9]*Id.* at ¶ 73;

[10]Singer, Norman J., 2B *Sutherland Statutes and Statutory Construction* § 50:5 (6th ed.).

[11]*Bennett*, 2003 UT 9, at ¶ 34 (emphasis added, citation omitted).

[12]The Court notes that the issue of whether the UCSPA applies to attorneys in general has not been raised by the parties.

BY THE COURT:

_____
TED STEWART
United States District Court